IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GILBERT PAUL B. RICO DIAZ,

    Plaintiff,

v.                             No. CIV 01-614M/WWD

HOUSTON ROSS LAW FIRM and
HOUSTON ROSS, Individually, Jointly
Severally,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Gilbert Paul B. Rico Diaz has filed this lawsuit and has alleged federal jurisdiction pursuant to two statutes. His complaint contains a Count against the defendant under the Racketeer Influenced and Corrupt Organizations Act (hereinafter the RICO Act), 18 U.S.C. §§1961-1964, a federal statute, and claims jurisdiction pursuant to U.S.C. § 1331. In his brief addressing federal jurisdiction Plaintiff alleges that there is diversity of citizenship between the Plaintiff and Defendant and hence jurisdiction is pursuant to 28 U.S.C. §1332 (a) (1).

I find that Plaintiff has not established federal district court jurisdiction either pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332 (a) (1). The Complaint arises out of a dispute over attorneys' fees involving several lawsuits concerning the Plaintiff and his family. The Plaintiff has brought nine counts against the Defendant and his law firm, only of which contains facts

1

which purport to give rise to a cause of action under a federal statute. The other counts allege claims under New Mexico law. Count VIII is titled a "Violation of Racketeering Laws" and is predicated upon the federal RICO Act.

To state a claim under the federal RICO Act, the Plaintiff must allege the Defendant engaged in 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. *Sedima v. Imrex Co.*, 473 U.S. 479, 496 (1985). The pattern must first show that the predicate acts are or were related and secondly, that the acts amount to a threat of continued criminal activity. *H. J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1982).

Even a liberal reading of the Plaintiff's complaint, which was originally filed by the Plaintiff pro se, but who is now represented by counsel, does not give rise to a civil RICO claim. Plaintiff alleges that Defendant engaged in fraud, extortion, conspiracy, mail fraud and a conspiracy to violate rights. But Plaintiff does not allege the fraud claims with particularity, see *Jennings v. Emry*, 910 F.2d 1434, 1438 (7th Cir. 1990), and does not establish the existence of a pattern of acts which amount to a threat of continued criminal activity. The actions complained of, withholding of settlement amounts by an attorney, disputed allocation of settlement monies and alleged legal malpractice, do not amount to a pattern of racketeering activity, regardless of how the Plaintiff characterizes his complaint. Therefore, I find that Plaintiff has not established jurisdiction under 28 U.S.C. §1331 because the Complaint does not state a claim arising under federal law.

Nor does Count VII alleging a conspiracy under "18 U.S.C. § 241" state a claim arising under federal law. The citation to the U.S. Code is incorrect and the Complaint, liberally construed, does not give rise to a cause of action actionable under a federal statute.

The Complaint states that the Plaintiff is a resident of New Mexico and Plaintiff uses a New Mexico address under his signature. The Complaint has not been amended. Now, Plaintiff claims in his Brief Establishing Federal Jurisdiction that Plaintiff is a resident of Florida and attaches exhibits to support his claim. Until the Complaint is amended, the averments in the Complaint will stand. Therefore, since the Plaintiff has pled residence in New Mexico and the Defendant being a resident of New Mexico, the Complaint fails to establish diversity of citizenship for jurisdictional purposes.

Even if diversity of citizenship exists as claimed by the Plaintiff in his Brief Establishing Jurisdiction, the Complaint fails to plead the requisite amount in controversy, $75,000, exclusive of interest and costs. 28 U.S. C. § 1332 (a). The Complaint does pray for an award of $250,000 plus treble damages (if applicable under the RICO Act which I have found not to be applicable to the facts in this case as pled), interest, punitive damages and attorneys' fees. However, the Complaint alleges that the disputed amounts come from a settlement of twelve thousand five hundred dollars ($12,500) from Allstate Insurance arising from an automobile accident, a dispute which the Defendant apparently resolved for the Plaintiff and from a work related claim pursued through Worker's Compensation. The latter award is not specified in the Complaint. Even if the Plaintiff were to prevail on his claim that the settlement was improperly used for attorneys' fees and his purported legal malpractice claim against the Defendant, the facts alleged in the Complaint do not give support to the prayed for award of $250,000.

The underlying settlement from Allstate Insurance, which is apparently the primary action which gave rise to this dispute, will not balloon into a claim approaching $75,000. In *Thomas v. Travelers Ins. Co.*, 258 F. Supp. 873 (La. 1966), the court took judicial notice that a

3

minor car accident in which the plaintiffs had only suffered minor injuries would not support the amounts prayed for in the complaint and that the plaintiffs had asked for their large awards to obtain federal jurisdiction. Likewise, I take judicial notice that the settlement from Allstate that Plaintiff complains was not disbursed to him and a potential legal malpractice case arising out of that settlement cannot rise to the $250,000 prayed for in the Complaint or even $75,000. Therefore, I do not find that the Plaintiff has established jurisdiction in federal district court pursuant to 28 U.S.C.§ 1332 (a) because the "amount in controversy" does not exceed $75,000.

For the foregoing reasons, I hereby dismiss the Plaintiff's Complaint without prejudice so that he may file his claims in the proper forum.

_____
SENIOR UNITED STATES JUDGE

4